UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| CRAIG M. JOHNSON, MARCIA L. JOHNSON, and GALESBURG ELECTRIC/INDUSTRIAL SUPPLY, INC., <br><br>Plaintiffs, <br><br>v. <br><br>DAVID K. FENSLER, UNITED EMPLOYEE BENEFIT FUND, HERBERT O MCDOWELL, III, GERALD KOENNING, LOU DELPIERRE, and EMPLOYERS BENEFITS, INC., <br><br>Defendants. | Case No. 10-cv-1099 |

## O P I N I O N and O R D E R

Before the court is the Motion to Remand filed by Plaintiffs (Doc. 8).  The Motion is GRANTED.

### BACKGROUND

The Complaint in this action was originally filed in state court and represents round two in a dispute between Plaintiffs and Defendants that centers on alleged misrepresentations as to the tax consequences of creating a tax-exempt voluntary employees' beneficiary association (VEBA) under 26 U.S.C. § 501(c)(9).[1]

---

[1] In a previous lawsuit filed in this Court, captioned *Johnson, et al. v. Security Mutual Life Insurance Company of New York, et al.,* 08 cv 1267, Plaintiff's claims were based on the same operative facts as the present case.  Plaintiffs alleged that these facts represented fraud, breach of fiduciary duties under ERISA, disgorgement, and liability under 26 U.S.C. § 6700 for promoting an abusive tax shelter.  The ERISA and abusive tax shelter claims were dismissed with prejudice

Craig Johnson alleges that he was approached by Gerald Koenning and his associate Lou Delpierre, in the Summer of 1996, and encouraged to start a trade union at his business, Galesburg Electric. The purpose of the union would be to allow the creation of a "death benefit only welfare benefit fund," pursuant to ERISA, 29 U.S.C. §§ 1001-1381, into which union members could contribute life insurance premiums. Johnson consented and established the union because, allegedly, Koenning and Delpierre, represented that contributions to the fund would have favorable tax consequences to Plaintiffs. Defendant McDowell (who is not employed with Plaintiff) became Galesburg Electric's union representative. Six of twenty-five of Plaintiffs' employees joined the union, named UNITE Local 2411. Defendant Fensler acted as the employees' representative. The ERISA Plan was sponsored by United Employee Benefit Fund and Fensler was the plan administrator.

According to the Complaint, however, the Internal Revenue Service (IRS) determined that the union was a "sham" that was not designed for the benefit of the employees but rather as a tax shelter. After an investigation that concluded in 2007, the IRS assessed penalties against Craig and Marcia Johnson in the amount of $123,457.51.

As is relevant to the pending Motion, Plaintiffs allege that "because there was never a legitimate collective bargaining agreement, the Plan was not valid and

---

and the disgorgement claim was dismissed without prejudice. Plaintiffs filed an amended complaint alleging other ERISA claims and state law claims. This Court dismissed, with prejudice, all of Plaintiffs' federal claims and dismissed without prejudice Plaintiffs' state claims.

therefore could neither have been legitimately organized under nor subject to the provisions of ERISA."

Plaintiffs' three count Complaint alleges purportedly state law claims of Fraudulent Concealment against Koenning and Delpierre (Count I), Fraudulent Concealment against Fensler, McDowell, and United Employee Benefit Fund (UEBF) (Count II), and Unjust Enrichment against all Defendants (Count III).

Defendant UEBF and Fensler, who is being sued only as a trustee of UEBF, removed this action pursuant to 28 U.S.C. § 1441(a) and (c). These Defendants argue that Counts II and III are merely disguised ERISA claims that already were dismissed in Plaintiffs' previous lawsuit.

## DISCUSSION

Title 28 U.S.C. § 1441(a) provides for the removal of actions if this Court could exercise original jurisdiction over the matter. In this case, Defendants argue that jurisdiction is based on federal question, namely ERISA. Generally, the "Court will look to the face of a properly pleaded to see if a federal question is present." *Tifft v. Commonwealth Edison Co.*, 366 F.3d 513, 517 (7th Cir. 2004). However, when federal law "creates the claim upon which the plaintiff is suing, the fact that he has omitted from his complaint any reference to federal law will not defeat removal." *Hays v. Cave*, 446 F.3d 712, 713 (7th Cir. 2006). Such "artful pleading" cannot prevent removal. *Id.*; *Tifft*, 366 F.3d at 517, The Seventh Circuit recently has stated that:

> Complete preemption, really a jurisdictional rather than a preemption doctrine, confers exclusive federal jurisdiction in certain instances

> where Congress intended the scope of a federal law to be so broad as to entirely replace any state-law claim. ERISA is such an area: The ERISA civil enforcement mechanism is one of those provisions with such extraordinary pre-emptive power that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule. Complete preemption, therefore, creates an exception to the ordinary application of the well-pleaded-complaint rule - that a court only looks to the complaint to determine whether there is federal-question jurisdiction. Artful pleading on the part of a plaintiff to disguise federal claims by cleverly dressing them in the clothing of state-law theories will not succeed in keeping the case in state court. In these instances, the federal law has effectively displaced any potential state-law claims. When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law. Accordingly, such claims are removable. *Franciscan Skemp Healthcare, Inc. v.. Central States Joint Board Health and Welfare Trust Fund*, 538 F.3f 594, 596-597 (7th Cir. 2008) (quotation marks, editing marks, and citations omitted).

The question is whether Counts II and III of the Complaint arise under ERISA or whether they are merely state law claims.

The Complaint identifies UEBF as "an Illinois nonprofit corporation" and Fensler is being sued "not personally, but as trustee of" UEBF. (Comp. p. 1). Plaintiffs allege that the Plan sponsored by the trustees of UEBF "was marketed" by UEBF as a VEBA that would render contributions to the Plan by union members tax deductible under IRS rules. As noted above, Plaintiffs further allege that "[b]ecause there was never a legitimate collective bargaining agreement, the Plan was not valid and therefore could neither haven legitimately organized under nor subject to the provisions of ERISA."

Count II of the Complaint alleges a "fraudulent concealment" claim. Plaintiffs claim that Fensler and UEBF gave to them marketing materials, prior to

formation of the Plan, regarding the tax consequences of contributions to the Plan that turned out to be false, misleading, or both. Plaintiffs further allege that these Defendants concealed various salient facts that would have lead to the conclusion that contributions to the Plan were not tax deductible. In particular, Plaintiffs claims that:

> 1. Fensler, as Plan Trustee, should have known about IRS publications that indicated that the contributions were not tax-deductible. (Comp ¶ 43)
>
> 2. Fensler also knew that the creation of the union was not the result of arms-length negotiations. (Comp. ¶ 44)
>
> 3. UEBF "explained away or concealed any potential areas for concern in an attempt to induce the Plaintiff to join the Plan . . . ." (Comp. ¶ 46)
>
> 4. "Fensler and McDowell concealed material facts concerning the IRS scrutiny and warnings of these plans with the intent to induce reliance and gain Craig's participation in the Plan." (Comp. ¶ 47).

In Count III, Plaintiffs assert a claim for unjust enrichment against all Defendants. With respect to Fensler and UEBF, Plaintiffs alleges that they "have been unjustly enriched" by use of Plan funds and "Craig's insurance policy." By way of relief, Plaintiffs seek money damages in the amount of the penalties imposed by the IRS, "restitution of any insurance commissions the Defendants received in connection with the sale of the Plan to the Plaintiffs," and a turn over of the life insurance policy on Craig Johnson held by the Plan (among other things).

From these allegations, the Court construes Plaintiff's Complaint as follows. Prior to the creation of a union and prior to the creation of a Plan, Defendants made false representations or concealed material information regarding tax consequences

in an attempt to induce Plaintiffs to enter into agreements for the creation of a union and the institution of a Plan. Presumably, Defendants benefited from this arrangement by collecting fees on Plan assets, life insurance policies and the premiums thereof. Plaintiffs seek not only to recoup the penalties they were compelled to pay to the IRS, but also Plan assets they allege were fraudulently acquired.

Notwithstanding Plaintiff's designation of Fensler as a Plan fiduciary, the naming of UEBF, and the remedy sought by Plaintiff, this Court has no jurisdiction to hear this matter. "When the federal theories are insubstantial in the sense that 'prior decisions inescapably render the claims frivolous,' there is no federal jurisdiction." *Avila v. Pappas*, 591 F.3d 552, 553 (7th Cir. 2010) (quoting *Hagans v. Lavine*, 415 U.S. 528, 538 (1974). This Court already has determined that Plaintiff can have no claim against Fensler or UEBF in relation to the Plan (after its creation) and under ERISA. Plaintiff's claims, therefore, can only be construed as asserting allegations against these two entities prior to the formation of the Plan and prior to the implication of ERISA. Thus, Plaintiffs claims cannot be brought pursuant to ERISA. This conclusion necessarily must be made in light of Plaintiffs' allegations that the Plan is not an ERISA plan and that the actions complained of occurred prior to the formation of any such ERISA plan. *See e.g. Lehmann v. Brown*, 230 F.3d 916 (7th Cir. 2000).

## CONCLUSION

For the foregoing reasons, the Motion to Remand filed by Plaintiffs (Doc. 8) is GRANTED. This matter is REMANDED to the Circuit Court of the Ninth Judicial Circuit, Knox County, Illinois.

Entered this <u>18th</u> day of March, 2011

                                                          s/ Joe B. McDade  
                                                      JOE BILLY MCDADE  
                                          United States Senior District Judge